UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY WEBSTER, *on behalf of himself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | Case No. 1:24-cv-00117-HAB-SLC ) ) |
| BRADFORD-SCOTT DATA LLC, *doing business as* Sharetec, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiff filed the class action complaint in this suit on March 14, 2024, alleging jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff's complaint, however, is inadequate with respect to CAFA jurisdiction.

Specifically, as to Defendant Bradford-Scott Data, LLC, the complaint alleges that it "is a Limited Liability Company incorporated in Delaware and with its principal place of business [in] . . . Indiana . . . ." (ECF 1 ¶ 9). But as this Court has oft observed, the citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its *members*." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (emphasis added). As such, the Court must be advised of the identity and citizenship of each *member* of an LLC for purposes of diversity jurisdiction. *See, e.g.*, *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each

partner of a partnership for diversity jurisdiction purposes). For any member who is an unincorporated association such as an LLC or partnership, Plaintiff must trace the member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with him. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As the party invoking federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that CAFA's jurisdiction requirements have been met. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012). Accordingly, Plaintiff is AFFORDED to and including March 25, 2024, to file a supplemental jurisdiction brief that properly articulates Defendant's citizenship.[1]

SO ORDERED.

Entered this 19th day of March 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (collecting cases); *see also Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).