# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **ANTHONY WEBSTER AND MARK SMITH**, on behalf of themselves and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>**BRADFORD-SCOTT DATA, LLC** d/b/a **SHARETEC**,<br><br>            Defendant. | No. 1:24-CV-00117-HAB-ALT |

## <u>CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement, dated as of February____, 2026, is made and entered into by and among the following Settling Parties (defined below): (i) Plaintiffs Anthony Webster and Mark Smith (collectively, "Representative Plaintiffs"), individually and on behalf of all other similarly situated individuals (the "Settlement Class" or "Class Members," as defined below), by and through their counsel of record Amina A. Thomas of CohenMalad LLP, Grayson Wells of Stranch Jennings & Garvey PLLC, Brittany Resch of Strauss Borrelli PLLC, and Gary M. Klinger of Milberg PLLC ("Class Counsel"), on the one hand; and (ii) Defendant Bradford-Scott Data, LLC d/b/a/ ShareTec ("BSD" or "Defendant"), by and through its counsel of record, Claudia D. McCarron and Kayleigh J. Watson of Mullen Coughlin, LLC ("Defendant's Counsel") on the other hand. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Litigation (defined below) and the Released Claims (defined below), upon and subject to the terms and conditions below.

1

## I.    RECITALS

**WHEREAS,** on or around July 2, 2023, BSD became aware of potential unauthorized access to its network (the "Data Incident").  After an investigation, on December 10, 2023, BSD determined personally identifiable information ("PII") may have been accessed and copied during the Data Incident. The impacted Private Information may include, but is not limited to, Social Security numbers, dates of birth, financial account information, credit card numbers, and/or debit card numbers.

**WHEREAS,** after BSD identified approximately 245,527 individuals whose Private Information (defined below) may have been impacted by the Data Incident, notice was sent to those individuals beginning on February 13, 2024.

**WHEREAS**, Plaintiffs are both individuals who received notice from BSD that their Private Information may have been impacted by the Data Incident.

**WHEREAS,** after Defendant's announcement of the Data Breach, two class action lawsuits were filed and subsequently consolidated before Judge Brady in the United States District Court for the Northern District of Indiana. Plaintiffs filed their Amended Class Action Complaint ("ACAC") on May 22, 2024 (ECF No. 20), to which Defendant responded by filing a Motion to Dismiss and Motion to Strike the Complaint (ECF No. 25). After Defendant's Motion was fully briefed, the Court entered an opinion and order denying Defendant's Motion to Dismiss as to Plaintiffs' claims for negligence and negligence per se and granting the motion as to Plaintiffs' remaining claims. (ECF No. 35). The Court denied Defendant's Motion to Strike. (*Id.*)

**WHEREAS**, on March 11, 2025, the Court entered a Scheduling Order. (ECF No. 41). On May 12, 2025, the Court granted the Parties' joint motion to stay the case to attend mediation. (ECF No. 44). Prior to mediation, the Parties engaged in informal discovery and exchanged

detailed mediation statements. On July 7, 2025, the Parties participated in an all-day mediation overseen by Bruce A. Friedman, Esq. of JAMS, an experienced data breach mediator. The mediation was unsuccessful.

**WHEREAS**, following mediation, the Parties engaged in formal discovery, including exchanges of interrogatories and document requests. The Parties subsequently agreed to return to mediation.

**WHEREAS**, on October 30, 2025, the Parties participated in an all-day mediation overseen by John DeGroote, Esq., a highly experienced data breach class action mediator. At the conclusion of the all-day mediation, Mr. DeGroote made a mediator's proposal to settle the case. On October 31, 2025, the Parties accepted the mediator's proposal.

**WHEREAS,** the ACAC in the Litigation asserts the following claims: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) invasion of privacy, (v) unjust enrichment; and (vi) bailment.

**WHEREAS,** BSD denies each and all of the claims and contentions alleged against it in the Litigation, denies any and all liability or wrongdoing of any kind, and denies all charges of wrongdoing or liability as alleged, or which could be alleged.

**WHEREAS,** the Settling Parties have concluded that further litigation would be protracted and expensive, have considered the uncertainty and risks inherent in litigation, and have determined that it is desirable to effectuate a full and final settlement of the claims asserted in the above-referenced actions on the terms set forth below to avoid the associated burdens, risks, and extensive costs.

**WHEREAS,** BSD denies any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of BSD

with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever, any infirmity in the defenses or arguments that BSD has asserted or would assert.

**WHEREAS,** based on their investigation and their substantial experience in data breach cases, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to Settlement Class Members (defined below) and are in their best interests, and they have agreed to settle the claims that were asserted or could have been asserted in the Litigation arising out of or relating to the Data Incident pursuant to the terms and provisions of this Agreement after considering, (a) the substantial benefits that Settlement Class Members will receive from the Settlement, (b) the uncertain outcome and attendant risks of litigation, (c) the delays inherent in litigation, and (d) the desirability of permitting the settlement of this litigation to be consummated as provided by this Agreement.

**WHEREAS,** this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against BSD relating to the Data Incident, by and on behalf of Plaintiffs and Settlement Class Members, and any other such actions by and on behalf of any other individuals originating, or that may originate, in jurisdictions in the United States of America against BSD  relating to the Data Incident.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, Class Counsel, and BSD that, subject to the Court's approval, when Judgment becomes Final (defined herein), the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement

Agreement.

## II.    DEFINITIONS

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.    "Agreement" or "Settlement" or "Settlement Agreement" means this agreement.

2.    "Claims Administration" means providing notice to the Settlement Class Members and the processing and payment of claims received from Settlement Class Members by the Claims Administrator (defined below).

3.    "Claims Administrator" means Simpluris, a notice and claims administrator with recognized expertise in class action notice and claims generally and data security litigation specifically, as jointly agreed upon by the Settling Parties and approved by the Court.

4.    "Claims Deadline" means the postmark or online submission deadline for Valid Claims (as defined below), which is ninety (90) days after Notice is mailed to Settlement Class Members.

5.    "Claim Form" means the form utilized by the Settlement Class Members to submit a Settlement Claim (as defined below) for reimbursement. The Claim Form will be substantially in a form as shown in **Exhibit A** attached hereto, which will be available on both the Settlement Website (as defined below) and in paper format, if specifically requested by Settlement Class Members.

6.    "Claims Period" means the ninety (90) day period of time during which Settlement Class Members may submit Claim Forms to receive Settlement benefits, which will end on the Claims Deadline.

7.    "Class Counsel" means Amina A. Thomas of CohenMalad LLP, Grayson Wells of

Stranch Jennings & Garvey PLLC, Brittany Resch of Strauss Borrelli PLLC, and Gary M. Klinger of Milberg PLLC.

8.      "Costs of Claims Administration" means all reasonable, actual costs associated with or arising from Claims Administration.

9.      "Court" means the United States District Court for the Northern District of Indiana, Fort Wayne Division.

10.      "Data Incident" means the potential unauthorized access of certain information on BSD's computer systems discovered on or about July 2, 2023, which gave rise to the Litigation.

11.      "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

12.      "Effective Date" means the first date by which all of the events and conditions specified in Paragraph 77 herein have occurred and been met.

13.      "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is finally approved by the Court; (ii) the Court has entered a Judgment (as defined below); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether the Judgment is "Final" or any other aspect of the Judgment.

14.      "Final Fairness Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to the Federal

Rules of Civil Procedure and for the Court to determine whether to issue the Judgment.

15. "Judgment" means a judgment rendered by the Court, after the Final Approval Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Litigation with prejudice, and is consistent with all material provisions of this Settlement Agreement. Class Counsel and Defendant's Counsel will work together on a proposed Judgment, which BSD must approve before filing

16. "Long Notice" means the long form notice of settlement posted on the Settlement Website, substantially in the form as shown in **Exhibit B** hereto.

17. "Notice" means notice of the proposed class action Settlement to be provided to Settlement Class Members pursuant to the Preliminary Approval Order. Notice includes the Short Notice and Long Notice.

18. "Notice Deadline" means thirty (30) days after entry of the Preliminary Approval Order and is the date by which the Claims Administrator shall establish the Settlement Website, toll-free telephone line, and commence the initial mailing of the Short Notice.

19. "Notice Program" means the steps taken by the Claims Administrator to notify the Settlement Class Members of the settlement as set forth below.

20. "Objection Date" means sixty (60) days after the Notice Deadline and is the date by which Settlement Class Members must mail their objection to the settlement to the Claims Administrator for that objection to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

21. "Opt-Out Date" means sixty (60) days after the Notice Deadline and is the date by which Settlement Class Members must mail their requests to be excluded from the Settlement Class to the Claims Administrator for that request to be effective. The postmark date shall

constitute evidence of the date of mailing for these purposes.

22.    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

23.    "Plaintiffs" or "Class Representatives" or "Representative Plaintiffs" mean Anthony Webster and Mark Smith.

24.    "Preliminary Approval Order" means the Court order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties' proposed form of Preliminary Approval Order is attached hereto as **Exhibit C**.

25.    "Private Information" means Social Security numbers, dates of birth, financial account information, credit card numbers, and/or debit card numbers.

26.    "Released Claims" shall mean any and all past, present, and future rights, liabilities, actions, demands, damages, penalties, costs, attorneys' fees, losses, remedies, claims, and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any states in the United States; all Indiana consumer protection statutes; violations of any federal or state data breach notification statute; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute

8

or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, existing or potential, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal statutory, or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Parties (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) based on, relating to, concerning or arising out of the Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class consistent with the terms and requirements of this Agreement.

27.    "Released Parties" means Bradford-Scott Data, LLC d/b/a/ ShareTec, and each of its past, present, and future parent companies, partnerships, subsidiaries, affiliates, divisions, employees, contractors, agents, servants, members, managers, providers, partners, principals, directors, shareholders, successors, assigns, owners, and customers, and all of their attorneys, heirs, executors, administrators, insurers and agents and/or third-party administrators thereof, writing companies, coinsurers, reinsurers, joint ventures, personal representatives, predecessors, successors, transferees, trustees, and assigns, and including, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Litigation.

9

28. "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

29. "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

30. "Settlement Class" means all persons who were affected by the Data Incident, including those who were sent a notice letter by Defendant concerning the Data Incident discovered on or around July 2, 2023. The Settlement Class specifically excludes: (i) Defendant BSD, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; (iv) the attorneys representing the Settling Parties in the Litigation; and (v) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident, or who pleads *nolo contendere* to any such charge. These individuals constitute the "Settlement Class" solely for purposes of certifying a settlement class in this Litigation.

31. "Settlement Class List" means the list generated by BSD containing the full names, current or last known addresses for all persons who fall under the definition of the Settlement Class, which BSD shall provide to the Claims Administrator within seven (7) days of entry of the Preliminary Approval Order and engagement of a Claims Administrator.

32. "Settlement Class Member(s)" or "Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

33. "Settlement Fund" shall mean a non-reversionary common fund in the amount of $2,393,888.25.

34. "Settlement Website" means the website described in Paragraph 56(c), which is a URL mutually selected by the Settling Parties, that will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information, as well as provide the Settlement Class Members with the ability to submit a Settlement Claim online.

35. "Settling Parties" means, collectively, BSD and Plaintiffs, individually and on behalf of the Settlement Class.

36. "Short Notice" means the content of the postcard mailed notice to the proposed Settlement Class Members, substantially in the form as shown in **Exhibit D** attached hereto. The Short Notice will direct recipients to the Settlement Website and inform Settlement Class Members, among other things, of the Claims Deadline, the Opt-Out Date, the Objection Date, the requested attorneys' fees, and the date of the Final Fairness Hearing. The Short Notice shall also contain a "tear-off" summary claim form, with business reply mail (BRM) postage, that will allow Settlement Class Members to claim the pro rata cash payment and credit monitoring offered.

37. "United States" shall be used in this Settlement Agreement includes all 50 states, the District of Columbia, and all territories.

38. "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to

11

and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settlement Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs, expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including but not limited to any Unknown Claims they may have. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

39.    "Valid Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the claims processing and/or Dispute Resolution process, or through the process for review and challenge set forth in the section entitled, "Administration of Claims," in Section XI.

### III.    SETTLEMENT BENEFITS

40.    <u>Settlement Fund</u>. Defendant is responsible for having a payment of $2,393,888.25, which shall constitute the entire Settlement Fund.  Defendant shall not be required to pay any more money under this Settlement. An initial up-front amount, to be determined by the Settlement Administrator, shall be paid to the Settlement Administrator to cover the initial notice and administration costs, within thirty (30) days after the Court enters a Preliminary Approval Order and upon receipt of payment instructions from the Settlement Administrator.  Defendant shall have the balance of the Settlement Fund deposited within ten (10) days of the Effective Date.

41.    The Settlement Fund shall be used to pay, in the following order: (1) all Settlement Administration Costs; (2) any Service Awards awarded to Class Representative; (3) any attorneys' fees and litigation expenses awarded to Class Counsel; and (4) Settlement Class Member Benefits to those Settlement Class Members who submit a Valid Claim.

42.    The Settlement Fund shall be deposited in an appropriate qualified settlement fund (within the meaning of Treasury Regulation § 1.468 B-1) established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled.

43.    <u>Settlement Class Member Benefits</u>.  When submitting a Claim, Settlement Class Members may elect to receive both Documented Monetary Losses and a Pro Rata Cash Payment. Additionally, Settlement Class Members may also elect to receive Credit Monitoring. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims against Defendant without receiving a Settlement Class Member Benefit.

44.     Documented Monetary Losses. Settlement Class Members may submit a Claim for a cash payment under this paragraph for up to $5,000.00 per Settlement Class Member upon presentment of documented losses related to the Data Incident. To receive a payment for Documented Monetary Losses, a Settlement Class Member must attest that the losses or expenses were incurred as a result of the Data Incident. Settlement Class Members will be required to submit reasonable third-party documentation supporting the losses. Documented Monetary Losses may include but are not limited to; (i) out of pocket credit monitoring costs that were incurred on or after July 2, 2023, through the Claims Deadline; (ii) unreimbursed losses associated with actual fraud or identity theft; and (iii) unreimbursed bank fees, long distance phone charges, postage, or gasoline for local travel. This list of reimbursable documented out-of-pocket expenses is not meant to be exhaustive, rather it is exemplary. Settlement Class Members may make claims for any documented unreimbursed out-of-pocket losses reasonably related to the Data Incident or to mitigating the effects of the Data Incident. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendant or otherwise. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Claims Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected and the Settlement Class Member's Claim will be treated as if he or she elected a Pro Rata Cash Payment only.

45.     Pro Rata Cash Payment. In addition to or instead of Documented Monetary Losses, a Settlement Class Member may claim a pro rata cash payment in the estimated amount of $100.00. The payments shall be calculated by dividing remaining funds in the Settlement Fund, after

payment of Settlement Administration Fees, Attorneys' Fees Costs and Expenses, Credit Monitoring and Identity Restoration Services, and Documented Monetary Losses, by the number of eligible claims. The Pro Rata Cash Payments will be adjusted upwards or downwards based upon the number of valid claims filed.

46. Credit Monitoring. In addition to electing any of the other benefits, Settlement Class Members may claim three (3) years of one-bureau Credit Monitoring that will provide the following benefits: one-bureau credit monitoring, dark web monitoring, identity theft insurance coverage for up to $1,000,000.00, and fully managed identity recovery services.

47. Pro Rata Adjustments to Cash Payments. Settlement Class Cash Payments will be subject to a pro rata increase from the Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Settlement Fund, the amount of the Cash Payments may be reduced pro rata accordingly. For purposes of calculating the pro rata increase or decrease, the Claims Administrator must distribute the funds in the Settlement Fund first for payment of Documented Monetary Losses, then for Credit Monitoring, before making any Pro Rata Cash Payments. Any pro rata increases or decreases to Pro Rata Cash Payments will be on an equal percentage basis.

48. Business Practices Changes. The Settling Parties agree that as part of the settlement consideration, BSD has adopted, paid for, implemented, and will maintain certain business practice changes related to information security to safeguard personal information on its systems. BSD will detail these business practice changes to Class Counsel in a confidential declaration.

49. Duties of Claims Administrator. The Claims Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement,

including, but not limited to, the following:

a) Administering and overseeing the Settlement funds provided by BSD to pay Approved Claims.

b) Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members;

c) Performing National Change of Address searches and/or skip tracing on the Settlement Class List;

d) Providing Notice to Settlement Class Members via U.S. mail and/or email;

e) Establishing and maintaining the Settlement Website;

f) Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries within one (1) business day;

g) Responding to any mailed or emailed Settlement Class Member inquiries within one (1) business day;

h) Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members and transmitting to Class Counsel and BSD's Counsel a list of Approved Claims, both periodically during the Claims Period and after the Claims Deadline;

i) Receiving Requests for Exclusion and Objections from Settlement Class Members and providing Class Counsel and BSD's Counsel a copy thereof immediately upon receipt. If the Claims Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members

after the Opt-Out and Objection Deadlines, the Claims Administrator shall promptly provide copies thereof to Class Counsel and to BSD's Counsel;

j) Working with the provider(s) of Credit Monitoring Services to receive and send activation codes within thirty (30) days of the Effective Date;

k) After the Effective Date, processing and transmitting Settlement Payments to Settlement Class Members;

l) Providing bi-weekly or other periodic reports to Class Counsel and the BSD's Counsel that include information regarding the number of Settlement Checks mailed and delivered or checks sent via electronic means, Settlement Checks cashed, undeliverable information, and any other requested information relating to Settlement Payments;

m) In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and

n) Performing any function related to Settlement Administration at the agreed-upon instruction of Class Counsel or BSD's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

50.    Limitation of Liability. The Parties, Class Counsel, and BSD's Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Claims Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the formulation, design or terms of the disbursement of the Settlement funds; (iii) the determination, administration, calculation or payment of any claims

asserted against the Settlement funds; or (iv) the payment or withholding of any taxes and tax-related expenses.

48.    <u>Dispute Resolution for Claims</u>. The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (i) the claimant is a Settlement Class Member; (ii) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the expenses described in Paragraph 44 above; and (iii) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Data Incident. In assessing what losses qualify as more likely than not caused by the Data Incident, the Claims Administrator will consider (i) whether the timing of the loss occurred on or after July 2, 2023; and (ii) whether the personal information used to commit identity theft or fraud consisted of the type of personal information identified in BSD's notices of the Data Incident. The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require to evaluate the claim, *e.g.*, documentation requested on the Claim Form, and required documentation regarding the claimed losses. The Claims Administrator's initial review will be limited to a determination of whether the claim is complete and plausible. For any claims that the Claims Administrator determines to be implausible, the Claims Administrator will submit those claims to counsel for the Settling Parties. If the Settling Parties do not agree with the Claims Administrator's determination, after meeting and conferring, then the claim shall be referred to a claims referee for resolution. The Settling Parties will mutually agree on the claims referee should one be required.

51.    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the

Claims Administrator shall request additional information ("Claim Supplementation") and give the claimant twenty-one (21) days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later. In the event of unusual circumstances interfering with compliance during the twenty-one (21) day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the twenty-one (21) day deadline in which to comply; however, in no event shall the deadline be extended to later than ninety (90) days from the Effective Date. If the defect is not timely cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

52.    Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have ten (10) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is facially valid, then the claim shall be paid. If the Claims Administrator determines that such a claim is not facially valid because the claimant has not provided all information needed to complete the Claim Form and enable the Claims Administrator to evaluate the claim, then the Claims Administrator may reject the claim without any further action.

53.    If any dispute is submitted to the claims referee, the claims referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days of the claims referee's receipt of the submitted dispute. The claims referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days of the claims referee's receipt of the submitted dispute. The claims referee's determination

shall be based on whether the claims referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Data Incident. The claims referee shall have the power to approve a claim in full or in part. The claims referee's decision will be final and non-appealable. Any claimant referred to the claims referee shall reasonably cooperate with the claims referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the claims referee to verify the claim through third-party sources, and failure to cooperate shall be grounds for denial of the claim in full. The claims referee shall make a final decision within thirty (30) days of the latter of the following events: its receipt of the submitted dispute and receipt of all supplemental information requested.

## IV.    SETTLEMENT CLASS CERTIFICATION

54.    The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the Court does not issue the Preliminary Approval Order or the Judgment; (2) the Effective Date does not occur, or (3) the Settlement Agreement is terminated or cancelled pursuant to the terms of the Settlement Agreement, the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved.

## V.    PRELIMINARY APPROVAL AND NOTICE OF FAIRNESS HEARING

55.    <u>Preliminary Approval</u>. As soon as practicable after the execution of the Settlement

Agreement, Class Counsel and Defendant's Counsel shall jointly submit this Settlement Agreement to the Court, and Class Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit C**, or an order substantially similar to such form in both terms and cost, requesting, *inter alia:*

a) certification of the Settlement Class for settlement purposes only;

b) preliminary approval of the Settlement Agreement as set forth herein;

c) appointment of Amina A. Thomas of CohenMalad LLP, Grayson Wells of Stranch Jennings & Garvey PLLC, Brittany Resch of Strauss Borrelli PLLC, and Gary M. Klinger of Milberg PLLC as Class Counsel;

d) appointment of Plaintiffs Anthony Webster and Mark Smith as Class Representatives;

e) approval of the Short Notice to be mailed by U.S. mail to Settlement Class Members in a form substantially similar to **Exhibit D**, attached hereto.

f) approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to **Exhibit B**, attached hereto, which, together with the Short Notice, shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, the requested attorneys' fees, and the date, time and place of the Final Fairness Hearing;

g) approval of the Claim Form to be available on the Settlement Website for submitting claims and available, upon request, in a form substantially similar to

**Exhibit A**, attached hereto; and

h)      appointment of Simpluris as the Claims Administrator.

The Short Notice, Long Notice, and Claim Form shall be reviewed by the Claims Administrator and may be revised as agreed upon by the Settling Parties before such submissions to the Court for approval.

## VI.    NOTICE

56.     Notice shall be provided to Settlement Class Members by the Claims Administrator in a manner that satisfies constitutional requirements and due process. The notice plan shall be subject to approval by the Court as meeting the requirements of Rule 23 of the Federal Rules of Civil Procedure and constitutional due process requirements.

a) Within seven (7) days after the date of the Preliminary Approval Order, BSD shall provide the Settlement Class List to the Claims Administrator.

b) The Claims Administrator shall provide direct and individual notice to Settlement Class Members via U.S. Mail or email, to the extent mailing addresses or email addresses are available, by the Notice Deadline by mailing the Short Notice to the last known mailing addresses for Settlement Class Members. Prior to mailing, the Claims Administrator shall check and update all addresses through the National Change of Address ("NCOA") Database. Where postcards are returned with a forwarding address prior to the claims deadline, the Claims Administrator shall forward the postcards to the forwarding address. Where postcards are returned with no forwarding address prior to the claims deadline, the Claims Administrator shall undertake reasonable means to ascertain a valid forwarding address and forward the postcard.  The Claims

22

Administrator shall also issue notice by publication by issuing a press release announcing the Settlement on or around the Notice Date.

c) The Claims Administrator shall establish a dedicated Settlement Website and shall maintain and update the website throughout the Claims Period, with the forms of Long Notice and Claim Form approved by the Court, as well as this Settlement Agreement. The Settlement Website shall also include links to relevant filings including but not limited to the operative complaint; preliminary approval motion and order; motion for attorneys' fees, costs, and service awards; and motion for final approval.

d) A toll-free help line staffed with a reasonable number of live operators shall be made available to address Settlement Class Members' inquiries.

e) The Claims Administrator will also provide copies of the forms of Short Notice, Long Notice, and Claim Form approved by the Court, as well as this Settlement Agreement, upon request.

f) At the discretion of Class Counsel, the Claims Administrator shall send a reminder notice to the Settlement Class Members who have not yet made a claim if the claims rate is less than 3.0% forty-five (45) days prior to the Claims Deadline.

g) Before the Final Approval Hearing, Class Counsel shall file with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice. The Short Notice, Long Notice, and Claim Form approved by the Court may be adjusted by the Claims Administrator in consultation with an agreement by the Settling Parties, as may be reasonable and necessary and

23

not materially inconsistent with such approval.

Notice to the Settlement Class shall be paid for from the Settlement Fund in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Claims Administration. Any attorneys' fees, costs, and expenses of Plaintiffs' Counsel, and a service award to the Class Representative, as approved by the Court, shall be paid by BSD.

57.     Class Counsel shall move the Court for a Judgment of this Settlement, to be issued (1) following the Final Fairness Hearing, and (2) within a reasonable time after the Notice Deadline, Objection Date, and Opt-Out Date.  In connection with the motion for preliminary approval, counsel for the Settling Parties shall request that the Court set a date for the Final Fairness Hearing that is no earlier than one hundred twenty (120) days after entry of the Preliminary Approval Order.

## VII.    OPT-OUT PROCEDURES

58.     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, this written notice (a Request for Exclusion) must be postmarked no later than the Opt-Out Date.

59.     All Persons who submit valid and timely Requests for Exclusion, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

60.     In the event that within ten (10) days after the Opt-Out Date, there have been

Requests for Exclusion totaling more than five hundred (500) individuals, Defendant shall have the right to terminate the Settlement Agreement in its entirety.

61.    No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Settlement Class Members as a group, in the aggregate, or as a class involving more than one Settlement Class Member; or (b) to opt-out more than one Settlement Class Member on a single paper, or as an agent or representative. Any such purported requests to Opt-Out as a group or in the aggregate shall be void, and the Settlement Class Member(s) who is or are the subject of such purported Requests for Exclusion shall be treated as a Settlement Class Member and be bound by this Settlement Agreement, including the Release contained herein, and judgment entered thereon, unless he or she submits a valid and timely Request for Exclusion.

## VIII.    OBJECTION PROCEDURES

62.    Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vii) a list of all settlements to which the objector and/or their counsel have objected in the preceding three (3) years; and (viii) the objector's signature and the signature of the objector's

duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection to the designated Post Office box established by the Claims Administrator by the Objection Date.

63.     Any Settlement Class Member who fails to comply with the requirements for objecting in Paragraph 62 shall waive and forfeit any and all rights he or she may have to appear separately or to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of Paragraph 62.

## IX.    RELEASES

64.     Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Settlement Class Member, including Plaintiffs, and each of their respective heirs, executors, administrators, representatives, agents, predecessors, successors, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims including Unknown Claims, against each of the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, and each of their respective heirs, executors, administrators, representatives, agents, predecessors, successors, and assigns, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

65.     Upon the Effective Date, BSD shall be deemed to have, and by operation of the

Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' Counsel of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement. Any other claims or defenses BSD may have against such Persons including, without limitation, any claims based upon or arising out of any debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

66.    Notwithstanding any term herein, neither BSD nor their Released Parties, shall have or shall be deemed to have released, relinquished or discharged any claim or defense against any Person other than Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' Counsel.

## X.    ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

67.    The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or service award to Plaintiffs until after the substantive terms of the settlement had been agreed upon, other than that BSD would not object to a request for reasonable attorneys' fees, costs, expenses, and a service award to each Plaintiff as may be ordered by the Court.

68.    Class Counsel may petition the court for attorneys' fees not to exceed one-third (1/3) of the Settlement Fund ($797,962.75), plus reimbursement of reasonable out-of-pocket litigation expenses not to exceed $35,000. The motion for attorneys' fees, expenses, and service awards shall be filed no later than fourteen (14) days prior to the Objection and Opt-Out deadlines.

69.    Subject to Court approval, BSD has agreed not to object to a request for a service award in the amount of $5,000.00 to each of the two named Plaintiffs.

70.     If awarded by the Court, the Claims Administrator shall pay the attorneys' fees, costs, expenses, and service awards to Class Counsel within fourteen (14) days after the Effective Date.

71.     Any award of attorneys' fees, costs, and expenses, and the service award to Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service awards ordered by the Court to Class Counsel or Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.  For the avoidance of doubt, no ruling by a Court modifying attorneys' fees or service awards can increase the total amount to be paid by BSD for a full release of all claims.

## XI.     ADMINISTRATION OF CLAIMS

72.     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members. The Claims Administrator's and claims referee's, as applicable, determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the dispute resolution process set forth herein. All claims agreed to be paid in full by BSD shall be deemed a Valid Claim.

73.     Payment for Valid Claims shall be issued, via check or electronically, within thirty (30) days of the Effective Date, or within twenty-one (21) days of the date that the claim is approved, whichever is later.

74.     All Settlement Class Members who fail to timely submit a claim for any benefits

hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise expressly allowed by law or the Settling Parties' written agreement, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

75.     No Person shall have any claim against the Claims Administrator, claims referee, BSD, Released Parties, Class Counsel, Plaintiffs, Plaintiffs' Counsel, and/or Defendant's Counsel based on distributions of benefits to Settlement Class Members or any alleged failure by BSD to implement the Business Practice Changes.

76.     Information submitted by Settlement Class Members in connection with submitted claims under this Settlement Agreement shall be deemed confidential and protected as such by the Claims Administrator, claims referee, Class Counsel, and Defendant's Counsel.

### XII.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

77.     The Effective Date of the settlement shall be ten (10) days after the date when each and of all of the following conditions have occurred:

a)     This Settlement Agreement has been fully executed by all Settling Parties and their counsel;

b)     the Court has entered the Preliminary Approval Order without material change;

c)     The Court-approved Short Notice has been sent and the Settlement Website has been duly created and maintained as ordered by the Court;

d)     BSD has not exercised its option to terminate the Settlement Agreement;

e)     the Court has entered the Judgment granting final approval to the Settlement as set forth herein (and in substantially the same form as **Exhibit E**); and

f)      the Judgment has become Final.

78.     If all conditions specified in Paragraph 77(a)–(f) are not satisfied, the Settlement Agreement shall be canceled and terminated unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with the Settlement Agreement.

79.     Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Class Counsel and to Defendant's Counsel a complete list of all timely and valid Requests for Exclusion ("Opt-Out List").

80.     In the event that the Settlement Agreement or the releases are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court to avoid prejudice to any Settling Party or Settling Party's counsel; and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, BSD shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

## XIII. MISCELLANEOUS

81. The Settling Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

82. The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth in the Settlement Agreement.

83. Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may file the Settlement Agreement and/or the Judgment in any action that may be brought against them

31

or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

84.     The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

85.     This Agreement contains the entire understanding between BSD and Plaintiffs regarding the payment of the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between BSD provided herein. This Agreement supersedes all previous agreements made between BSD and Plaintiffs. Any agreements reached between BSD, Plaintiffs, and any third party, are expressly excluded from this provision.

86.     The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

87.     Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

88.     Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto warrants that such Person has the full authority to do so.

89.     The Settlement Agreement may be executed in one or more counterparts. All executed counterparts shall be deemed to be the same instrument. A complete set of original executed counterparts shall be filed with the Court.

90.     The Settlement Agreement shall bind and inure to the benefit of the successors and assigns of the parties hereto. No assignment of this Settlement Agreement will be valid without the other party's prior, written permission.

91.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

92.     All dollar amounts are in United States dollars (USD).

93.     All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void." Settlement Checks shall bear in the legend that they expire if not negotiated within ninety (90) days of their date of issue. Settlement Checks that are not negotiated within ninety (90) days of their date of issue shall not be reissued, unless a Settlement Check is returned as undeliverable. If a Participating Settlement Class Member fails to cash a Settlement Check issued under this Settlement Agreement before it becomes void, the Participating Settlement Class Member will have failed to meet a condition precedent to recovery of Settlement benefits, the Participating Settlement Class Member's right to receive monetary relief under the Settlement shall be extinguished, and Defendant shall have no obligation to make payments to the Participating Settlement Class Member for compensation or loss reimbursement or to make any other type of monetary relief to the Participating Settlement Class Member. Such Settlement Class Members remain bound by all terms of the Settlement Agreement.

94.     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

95.     This Agreement shall be deemed to have been drafted by the Settling Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement. Plaintiffs and BSD each acknowledge that each have been advised and are represented by legal counsel of their own choosing throughout the negotiations preceding execution of this Agreement and have executed the Agreement after having been so advised.

96.     Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed by their duly authorized attorneys.

**PLAINTIFFS:**

_____
Anthony Webster, Plaintiff

Date:_02 / 19 / 2026_____


_____
Mark Smith, Plaintiff

Date:_____

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED SETTLEMENT CLASS:**

Date: _____


_____
Amina A. Thomas (No. 34451-49)

34

Doc ID: 6ff4632e46820146f9a3f290f6d6c2e3c787c7f1f4acde651

95.     This Agreement shall be deemed to have been drafted by the Settling Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement. Plaintiffs and BSD each acknowledge that each have been advised and are represented by legal counsel of their own choosing throughout the negotiations preceding execution of this Agreement and have executed the Agreement after having been so advised.

96.     Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed by their duly authorized attorneys.

**PLAINTIFFS:**

_____

Anthony Webster, Plaintiff

Date:_____

*Mark Smith*
Mark Smith (Feb 18, 2026 09:03:13 EST)
_____

Mark Smith, Plaintiff

Date: 02/18/2026_____

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED SETTLEMENT CLASS:**

Date: _____

_____

Amina A. Thomas (No. 34451-49)

Docusign Envelope ID: 119AC516-D075-4098-97A3-6A1750877A63

95.    This Agreement shall be deemed to have been drafted by the Settling Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement. Plaintiffs and BSD each acknowledge that each have been advised and are represented by legal counsel of their own choosing throughout the negotiations preceding execution of this Agreement and have executed the Agreement after having been so advised.

96.    Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed by their duly authorized attorneys.

**PLAINTIFFS:**

_____
Anthony Webster, Plaintiff

Date:_____

_____
Mark Smith, Plaintiff

Date:_____

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED SETTLEMENT CLASS:**

Date: _____

_____
Amina A. Thomas (No. 34451-49)

**COHENMALAD LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
athomas@cohenmalad.com

Grayson Wells*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gwells@stranchlaw.com

_____

Brittany Resch*
**STRAUSS BORELLI PLLC**
908 N. Michigan Avenue, Suite 1610
Chicago Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
brittany@straussborrelli.com

_____

Gary M. Klinger
**MILBERG PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
Fax: (865) 522-0049
gklinger@milberg.com

*Motion for *Pro Hac Vice* Admission to be made pursuant to Fed. R. Civ. Proc. 89(b)

*Counsel for Plaintiffs and the Proposed Class*

**COUNSEL FOR DEFENDANT:**

Date: _____

35

**COHENMALAD LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
athomas@cohenmalad.com

_____

Grayson Wells*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gwells@stranchlaw.com

*Brittany Resch*

_____

Brittany Resch*
**STRAUSS BORELLI PLLC**
908 N. Michigan Avenue, Suite 1610
Chicago Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
brittany@straussborrelli.com

_____

Gary M. Klinger
**MILBERG PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
Fax: (865) 522-0049
gklinger@milberg.com

*Motion for *Pro Hac Vice* Admission to be made pursuant to Fed. R. Civ. Proc. 89(b)

***Counsel for Plaintiffs and the Proposed Class***

**COUNSEL FOR DEFENDANT:**

Date: _____

35

Doc ID: 6ff463c6d4820f46f9a8290f6dd62807871104afd3e521

**COHENMALAD LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
athomas@cohenmalad.com

_____
Grayson Wells*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gwells@stranchlaw.com

_____
Brittany Resch*
**STRAUSS BORELLI PLLC**
908 N. Michigan Avenue, Suite 1610
Chicago Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
brittany@straussborrelli.com

*Jary M Klinger*
_____
Gary M. Klinger
**MILBERG PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
Fax: (865) 522-0049
gklinger@milberg.com

*Motion for *Pro Hac Vice* Admission to be made pursuant to Fed. R. Civ. Proc. 89(b)

***Counsel for Plaintiffs and the Proposed Class***

**COUNSEL FOR DEFENDANT:**

Date: _____

Claudia D. McCarron
**MULLEN COUGHLIN, LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
cmccarron@mullen.law

**DEFENDANT:**

Date:        2/24/26

Name    Steffi Decker
Title:         CEO

# — EXHIBIT A —

Your claim must
be submitted
online or
postmarked by:
[Claims Deadline]

*Webster, et al. v. Bradford-Scott Data, LLC*
Case No. 1:24-CV-00117-HAB-ALT
United States District Court for Northern District of Indiana

Your claim must
be submitted
online or
postmarked by:
[Claims Deadline]

**DATA INCIDENT SETTLEMENT CLAIM FORM**

## GENERAL INSTRUCTIONS

**Who is eligible to file a claim?** The court has defined the Class this way: "All persons who were affected by the Data Incident, including those who were sent a notice letter by Defendant concerning the Data Incident discovered on or around July 2, 2023."

**Excluded from the Settlement Class** are: (i) Defendant BSD, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; (iv) the attorneys representing the Settling Parties in the Litigation; and (v) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident, or who pleads *nolo contendere* to any such charge.

### COMPLETE THIS CLAIM FORM IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE ONE OR MORE OF THE FOLLOWING SETTLEMENT BENEFITS

## AVAILABLE BENEFITS

BSD will establish a Settlement Fund of $2,393,888.25. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Award payments for the Plaintiffs, and the costs of administering the Settlement. The net remaining money will be used to pay for the benefits described below.

**CREDIT MONITORING.** All Class Members are eligible to enroll in three years of CyEx Financial Shield Complete. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTIONS**

> **Documented Monetary Losses.** If you incurred actual, documented out-of-pocket losses due to the Data Incident, you can get back up to **$5,000.00**. The losses must have occurred between July 2, 2023, and [Claims Deadline].

> This benefit covers out-of-pocket expenses like:

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

Case No. 1:24-CV-00117-HAB-ALT
United States District Court for Northern District of Indiana

**DATA INCIDENT SETTLEMENT CLAIM FORM**

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send third-party proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Pro Rata Cash Payment.** You may also claim a one-time pro rata cash payment.

It is expected that a significant amount of money will remain in the Settlement Fund after all expenses and all other benefits have been paid. All of this remaining money will be divided equally between everyone who claims a Pro Rata Cash Payment.

This payment is expected to be **$100.00**, but may be larger or smaller depending on the total claims filed.

You do not have to provide any proof or explanation to claim this payment

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  BSD Data Incident Settlement
         c/o Settlement Administrator
         [PO Box Number]
         Santa Ana, CA 92799-9958

**THE MOST EFFICIENT WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT
www.[SettlementWebsite].com**

You may also print out and complete this Claim Form, and submit it by U.S. mail.

An electronic image of the completed Claim Form can also be emailed to info@[SettlementWebsite].com

**You must submit your Claim Form online, by mail, or by email no later than [Claims Deadline].**

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

**Your claim must be submitted online or postmarked by:**

[**Claims Deadline**]

*Webster, et al. v. Bradford-Scott Data, LLC*

Case No. 1:24-CV-00117-HAB-ALT

United States District Court for Northern District of Indiana

**DATA INCIDENT SETTLEMENT CLAIM FORM**

**Your claim must be submitted online or postmarked by:**

[**Claims Deadline**]

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

**Your claim must be submitted online or postmarked by:**
**[Claims Deadline]**

*Webster, et al. v. Bradford-Scott Data, LLC*
Case No. 1:24-CV-00117-HAB-ALT
United States District Court for Northern District of Indiana

**DATA INCIDENT SETTLEMENT CLAIM FORM**

**Your claim must be submitted online or postmarked by:**
**[Claims Deadline]**

## I. CLASS MEMBER NAME AND CONTACT INFORMATION

Print your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form. All fields are required. **Please print legibly.**

First Name

Last Name

Street Address

City

State

Zip Code

Email Address

Phone Number

Notice ID (if known)

## II. CREDIT MONITORING

☐ Check this box if you would like to enroll in three years of Financial Data Monitoring from CyEx Financial Shield Complete.

## III. DOCUMENTED MONETARY LOSSES

☐ Check this box if you would like to claim reimbursement for <u>documented</u> losses due to identity theft or fraud. You can get back up to $5,000.00.

*Please complete the table below, describing the supporting documentation you are submitting.*

| Description of Documentation Provided | Amount |
|---|---|
| *Example: Unauthorized bank transfer* | *$500* |
| | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL CLAIMED:** | |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*Webster, et al. v. Bradford-Scott Data, LLC*
Case No. 1:24-CV-00117-HAB-ALT
United States District Court for Northern District of Indiana

**DATA INCIDENT SETTLEMENT CLAIM FORM**

---

## IV. PRO RATA CASH PAYMENT

☐ Check this box if you want to claim a one-time $100.00 pro rata cash payment.

---

## V. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐ **PayPal**
Email address, if different than you provided in Section 1: _____

☐ **Venmo**
Mobile number, if different than you provided in Section 1: _____

☐ **Zelle**
Email address or mobile number, if different than you provided in Section 1: _____

☐ **Virtual Prepaid Card**
Email address, if different than you provided in Section 1: _____

☐ **Physical Check**
Payment will be mailed to the address provided in Section 1.

---

## VI. ATTESTATION & SIGNATURE

I swear and affirm on penalty of perjury that the information provided in this Claim Form, including supporting documentation, is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

_____     _____     _____
Signature                                  Printed Name                             Date

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# — EXHIBIT  B —

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Webster, et al. v. Bradford-Scott Data, LLC*
Case No. 1:24-CV-00117-HAB-ALT
United States District Court for Northern District of Indiana

**IF YOUR PRIVATE INFORMATION WAS POTENTIALLY ACCESSED IN THE JULY 2023 <u>BRADFORD-SCOTT DATA, LLC, </u>, DATA INCIDENT,
A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND MAY ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with Bradford-Scott Data, LLC ("BSD" or "Defendant") in a class action lawsuit. This case is about the July 2023 data incident affecting limited portions of BSD's network (the "Data Incident"). Certain files that contained private information may have been accessed. These files may have contained personal information such as Social Security numbers; dates of birth; financial account information; credit card numbers; and/or debit card numbers.

- The lawsuit is called *Webster, et al. v. Bradford-Scott Data, LLC*, Case No. 1:24-CV-00117-HAB-ALT. It is pending in the United States District Court for Northern District of Indiana (the "Litigation").

- BSD denies that it did anything wrong, and the Court has not decided who is right.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- BSD's records indicate that you are a Class Member, and entitled to benefits under the Settlement. You may have received a previous notice directly from BSD.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits or payments from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | **_____, 2026** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefit or payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | **_____, 2026** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | **_____, 2026** |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits or payments from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

2

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ...................................................................................................................3

WHO IS IN THE SETTLEMENT .....................................................................................................4

THE SETTLEMENT BENEFITS.......................................................................................................4

SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS ...............................................5

THE LAWYERS REPRESENTING YOU ........................................................................................6

EXCLUDING YOURSELF FROM THE SETTLEMENT ...............................................................6

COMMENTING ON OR OBJECTING TO THE SETTLEMENT...................................................7

THE COURT'S FINAL APPROVAL HEARING .............................................................................8

IF I DO NOTHING ...........................................................................................................................9

GETTING MORE INFORMATION .................................................................................................9

# Basic Information

## 1. Why was this Notice issued?

The United States District Court for Northern District of Indiana, authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *Webster, et al. v. Bradford-Scott Data, LLC*, Case No. 1:24-CV-00117-HAB-ALT. It is pending in the United States District Court for Northern District of Indiana. The people that filed this lawsuit are called the "Plaintiffs" (or "Class Representatives") and the company they sued, Bradford-Scott Data, LLC, is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that during the July 2023 data incident affecting a limited portion of BSD's network, certain files that contained private information may have been accessed. These files may have contained personal information such as Social Security numbers; dates of birth; financial account information; credit card numbers; and/or debit card numbers.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out from the settlement. In this Settlement, the Class Representatives are Anthony Webster and Mark Smith. Everyone included in this Action are the Class Members.

## 4. Why is there a Settlement?

The Court did not decide whether the Plaintiffs or the Defendant are right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Class Members.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The court has defined the Class this way: "All persons who were affected by the Data Incident, including those who were sent a notice letter by Defendant concerning the Data Incident discovered on or around July 2, 2023."

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (i) Defendant BSD, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; (iv) the attorneys representing the Settling Parties in the Litigation; and (v) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident, or who pleads *nolo contendere* to any such charge.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  BSD Data Incident Settlement
         c/o Settlement Administrator
         [PO Box Number]
         Santa Ana, CA 92799-9958

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

BSD will establish a Settlement Fund of $2,393,888.25. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Award payments for the Plaintiffs, and the costs of administering the Settlement. The net remaining money will be used to pay for the benefits described below.

**CREDIT MONITORING.** All Class Members are eligible to enroll in three years of CyEx Financial Shield Complete. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTIONS**

**Documented Monetary Losses.** If you incurred actual, <u>documented</u> out-of-pocket losses due to the Data Incident, you can get back up to **$5,000.00**. The losses must have occurred between July 2, 2023, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send third-party proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Pro Rata Cash Payment.** You may also claim a one-time pro rata cash payment.

It is expected that a significant amount of money will remain in the Settlement Fund after all expenses and all other benefits have been paid. All of this remaining money will be divided equally between everyone who claims a Pro Rata Cash Payment.

This payment is expected to be **$100.00**, but may be larger or smaller depending on the total claims filed.

You do not have to provide any proof or explanation to claim this payment

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  BSD Data Incident Settlement
          c/o Settlement Administrator
          [PO Box Number]
          Santa Ana, CA 92799-9958

## 8. What claims am I releasing if I stay in the Class?

If you stay in the class, you won't be able to be part of any other lawsuit against BSD about the issues that this Settlement covers. The "Releases" section of the Settlement Agreement (Section IX) describes the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.[SettlementWebsite].com.

## <u>Submitting a Claim Form for a Settlement Payment</u>

### 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

BSD Data Incident Settlement
c/o Settlement Administrator
[PO Box Number]
Santa Ana, CA 92799-9958

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, 1-XXX-XXX-XXXX, by email info@[SettlementWebsite].com, or by U.S. mail at the address above.

### 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than [Claims Deadline].

### 11. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on [FA Hearing Date] (*see* **Question 18**). If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

## <u>The Lawyers Representing You</u>

### 12. Do I have a lawyer in the case?

Yes, the Court has appointed attorneys Amina A. Thomas of CohenMalad LLP; Grayson Wells of Stranch Jennings & Garvey PLLC; Brittany Resch of Strauss Borrelli PLLC; and Gary M. Klinger of Milberg PLLC, to represent you and other Class Members ("Class Counsel").

### 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

### 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve $797,962.75 as reasonable attorneys' fees, plus reimbursement of litigation costs. This amount will be paid by from the Settlement Fund.

Class Counsel will also ask for Service Award payments of $5,000.00 for each of the Class Representatives. Service Award payments will  also be paid from the Settlement Fund.

# Excluding Yourself from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion, and is sometimes also called "opting out." If you opt out, you will not receive Settlement benefits or payment. However, you will keep any rights you may have to sue BSD on your own about the legal issues in this case.

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

The deadline to exclude yourself from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1) the name of the Litigation: *Webster, et al. v. Bradford-Scott Data, LLC*, Case No. 1:24-CV-00117-HAB-ALT, pending in the United States District Court for Northern District of Indiana;

(2) your full name, mailing address, telephone number, and email address;

(3) personal signature; and

(4) the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

BSD Data Incident Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Request for Exclusion must be submitted, postmarked, or emailed by **[Opt-Out Deadline]**.

# Commenting on or Objecting to the Settlement

## 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve the Settlement. The Court will consider your views.

You cannot object if you have excluded yourself from the Settlement (*see* **Question 15**)

You must provide the following information for the Court to consider your objection:

(1) the name of the Litigation: *Webster, et al. v. Bradford-Scott Data, LLC*, Case No. 1:24-CV-00117-HAB-ALT, pending in the United States District Court for Northern District of Indiana;

(2)    your full name, mailing address, telephone number, and email address;

(3)    information that proves that you are a Class Member (such as a notice you have received);

(4)    a clear description of all the reasons you object; include any legal support, such as documents, you may have for your objection;

(5)    whether the objection applies only to you, or to other Class Members, as well;

(6)    if you have hired your own lawyer to represent you for this objection, provide their name, bar number, and contact information;

(7)    whether or not you or your lawyer would like to speak at the Final Approval Hearing;

(8)    if you or your lawyer have objected in any other cases in the past three years, list the names, courts, and civil action numbers for each of those cases;

(9)    your signature (if you have hired your own lawyer, their signature is not sufficient).

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by [OBJECTION DATE]. You must also send a copy of the objection to the Settlement Administrator.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>[Court Address] | BSD Data Incident Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a final approval on [FA Hearing Date] at [Hearing Time] Eastern Time, in Room [Court Room] of the United States District Court for Northern District of Indiana, at [Court Address].

At the final approval hearing, the Court will decide whether to approve the Settlement. The court will also decide how Class Counsel should be paid, and whether to award Service Award payments to the Class Representatives. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (*See* Question 16).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

# If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

You will also give up the rights described in **Question 8**.

# Getting More Information

## 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  BSD Data Incident Settlement
          c/o Settlement Administrator
          [PO Box Number]
          Santa Ana, CA 92799-9958

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, [Court Address].

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

— **EXHIBIT C** —

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ANTHONY WEBSTER AND MARK SMITH, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BRADFORD-SCOTT DATA, LLC d/b/a SHARETEC,<br><br>    Defendant. | No. 1:24-cv-00117-HAB-ALT |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval. Specifically, Plaintiffs request that the Court enter an order (1) granting preliminary approval of the Settlement; (2) certifying the Class for the purpose of the Settlement; (3) ordering the Claims Administrator to direct and issue notice to the Class under the terms of the Settlement Agreement; (4) appointing Plaintiffs Anthony Webster and Mark Smith as Class Representatives for the purpose of the Settlement; (5) appointing Amina A. Thomas of CohenMalad LLP, Grayson Wells of Stranch Jennings & Garvey PLLC, Brittany Resch of Strauss Borrelli PLLC, and Gary M. Klinger of Milberg PLLC as Class Counsel; and (6) entering the Schedule, including by setting a date for the final approval hearing.

Having reviewed and given dues consideration to the terms of the Settlement, the motion, and corresponding materials, noting that Defendant does not oppose the motion, and being otherwise informed, the Court grants the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Terms capitalized herein and not otherwise defines shall have the meanings ascribed to them in the Settlement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiff and Defendant in the above-captioned case (the "Parties").

3. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement is granted.

## I. CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

4. The Court conditionally certifies a class of all persons who were affected by the Data Incident, including those who were sent a notice letter by Defendant concerning the Data Incident discovered on or around July 2, 2023. The Settlement Class specifically excludes: (i) Defendant BSD, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; (iv) the attorneys representing the Settling Parties in the Litigation; and (v) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident, or who pleads *nolo contendere* to any such charge. These individuals constitute the "Settlement Class" solely for purposes of certifying a settlement class in this Litigation.

5. Specifically, the Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) appear to be met:

2

a. The Settlement Class is estimated to contain 245,527 individuals, and therefore is so numerous that joinder of all members is impracticable, as there are thousands of Settlement Class Members;

b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit, as the claims all related to the Data Incident that involved the data of Settlement Class Members;

c. Plaintiffs' claims are typical of the claims of the Settlement Class as all of the claims arise form the same Data Breach and Defendant's alleged security practices;

d. Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class as Plaintiff has no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation; and

e. Questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Breach are substantially similar for all Settlement Class Members.

6. The Court finds that Plaintiffs Anthony Webster and Mark Smith are adequate Class Representatives and appoints them as such.

7. The Court likewise finds that Amina A. Thomas of CohenMalad LLP, Grayson Wells of Stranch Jennings & Garvey PLLC, Brittany Resch of Strauss Borrelli PLLC, and Gary M. Klinger of Milberg PLLC competent and appoints them as Class Counsel.

## II.    PRELIMINARY APPROVAL

8. The terms of the Settlement, including its proposed release, are preliminarily approved as within the range of fair, reasonable, and adequate terms of settlement, and are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the settlement administration, and are subject to further and final consideration at the Final Approval Hearing provided for below.

9. The Court finds that the terms of the Settlement are within the range of a fair, reasonable, and adequate settlement between the Settlement Class and Defendant under the

3

circumstances of this case and that the Court will likely be able to grant final approval of the Settlement. Specifically, the Court finds for purposes of preliminary approval that:

   a. Plaintiffs and Class Counsel have adequately represented the Settlement Class;

   b. the Settlement was negotiated at arm's length, through mediation facilitated Mediator Bruce A. Friedman;

   c. the relief provided for the Settlement Class appears adequate, taking into account;

      i. the costs, risks, and delay of trial and appeal;

      ii. the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims;

      iii. the terms of the proposed award of attorney's fees, including timing of payment; and

      iv. any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and

   d. the Settlement treats Settlement Class Members equitably relative to each other, as the same relief is available to similarly situated Settlement Class Members.

10.    As provided for in the Settlement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been conditionally certified for settlement purposes only, with no admission of liability or merit as to any issue, and no prejudice or impact as to any of the Settling Parties' positions on the issue of class certification or any other issue in the case.

## III.    NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS

11.    The Court appoints Simpluris as the Claims Administrator. The responsibilities of the Claims Administrator are set forth in the Settlement Agreement.

12.     The Court has considered the notice provisions of the Settlement, the Notice Program set forth in section VI of the Settlement Agreement, and the Short Notice (attached as Ex. D to the SA) and Long Notice (attached as Exhibit B to the SA). The Court finds that providing direct notification in manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Preliminary Approval Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Short Notice and Long Notice in the forms attached as **Exhibits B and D** to Settlement Agreement, respectively.

13.     The Settling Parties are ordered to give notice to all Settlement Class Members. The Court orders the Claims Administrator to commence the Notice Program following entry of this Preliminary Approval Order in accordance with the terms of the Settlement.

## IV.     OPTING OUT FROM THE SETTLEMENT CLASS

14.     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, this written notice (a Request for Exclusion) must be postmarked no later than the Opt-Out Date.

15.     The request must be mailed to the Claims Administrator at the address provided in the Notice no later than 60 days from the Notice Deadline ("Opt-Out Date").

16.     A request to opt out that does not include all the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not mailed by the deadline will be invalid, and the person submitting the request will remain a Settlement Class Member.

17.     A Settlement Class Member who submits a valid Claim Form is not eligible for exclusion, and any subsequent request to opt-out will be invalid.

18.     All Settlement Class Members who submit valid, timely notices of their intent to opt out of the Settlement Class shall not receive any benefits of and/or be bound by the terms of the Settlement.

19.     All persons falling within the definition of the Settlement Class who do not request to opt-out of the Settlement Class in the manner described in the Settlement Agreement shall be bound by the terms of the Settlement Agreement.

20.     Settlement Class Counsel will file a list of Settlement Class Members requesting exclusion with the Court.

## V.     OBJECTIONS

21.     Each Settlement Class Member who does not timely request to be excluded from the Settlement Class may appear in person or through counsel, at their own expense, at the Final Approval Hearing to present any relevant evidence or argument.

22.     No Settlement Class Member will be heard and no papers submitted by any Settlement Class Member will be considered unless they submit a timely written notice of their objection by the Objection Date. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any and all counsel representing the

6

objector in connection with the objection; (vi) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vii) a list of all settlements to which the objector and/or their counsel have objected in the preceding three (3) years; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection to the designated Post Office box established by the Claims Administrator by the Objection Date.

23.    Any Class Member who does not make their objection known in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement.

## VI.    THE FINAL APPROVAL HEARING

24.    A Final Approval Hearing shall be held before the undersigned at _____ o'clock, on _____, 2026, at the United Stated District Court, Northern District of Indiana, Fort Wayne Division located at 1300 S. Harrison Street. Fort Wayne, IN 46802 or via video or teleconference, for the purpose of (a) whether certification of the Settlement Class for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (c) the application by Settlement Class Counsel for an Attorneys' Fees and Costs Award; (d) the application for Representative Plaintiff's Service Award should be approved; (e) whether the Release of Released Claims as set forth in the Settlement should be provided; (f) whether the Court should enter the [Proposed] Final Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment"); and (g) ruling upon such other matters as the Court may deem just and

appropriate. The Final Approval Hearing may, from time to time and without further notice to Settlement Class Members, be continued or adjourned by order of the Court.

25.    Class Counsel will file a motion for approval of attorneys' fees, expenses, and services awards along with any supporting materials no later than 14 days prior to the Objection and Opt-Out deadlines.

26.    Class Counsel shall file their Motion for Final Approval no later than 14 days prior to the Final Approval Hearing.

27.    The related time periods for events preceding the Final Approval Hearing are:

| Event | Timing |
| --- | --- |
| Class List sent to Claims Administrator | 7 Days after Preliminary Approval Order |
| Notice Deadline | 30 Days after Preliminary Approval Order |
| Objection Deadline | 60 Days from the Notice Deadline |
| Opt-Out Deadline | 60 Days from the Notice Deadline |
| Motion for Fees and Service Awards | 14 Days before the Objection and Opt-Out Deadline |
| Motion for Final Approval | 14 Days Prior to Final Approval Hearing |
| Claims Deadline/Claims Period | 90 Days from the Notice Deadline |
| Final Approval Hearing | Approximately 120 Days after Preliminary Approval Order |

28.    All proceedings in the Action other than those related to approval of the Settlement Agreement are stayed pending entry of the Final Order and Judgment.

29.    Any actions brought by Settlement Class Members concerning the Released Claims are stayed and/or enjoined, pending the Court's entry of the Final Order and Judgment.

30.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Agreement

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
Chief Judge Holly A. Brady

# — EXHIBIT  D —

BSD Data Incident Settlement
c/o Settlement Administrator
P.O. Box 9958
Santa Ana, CA 92799-9958

First-Class
Mail
U.S. Postage
Paid
Permit #__

***Webster, et al. v.***
***Bradford-Scott Data, LLC***
Case No. 1:24-CV-00117-HAB-ALT

> **IF YOUR PRIVATE INFORMATION WAS POTENTIALLY AFFECTED IN THE JULY 2023 <u>BRADFORD-SCOTT DATA, LLC</u>, DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND MAY ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*

*You are <u>not</u> being sued.*

**THIS NOTICE IS ONLY A SUMMARY.
VISIT WWW.[SETTLEMENTWEBSITE].COM
OR SCAN THIS QR CODE
FOR COMPLETE INFORMATION.**



## «Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

ND case 1:24-cv-00117-HAB-AT document 47-1 filed 02/25/26 page 77

### Why am I receiving this notice?

A Settlement has been reached with Bradford-Scott Data, LLC ("BSD") in a class action lawsuit ("Settlement"). The case is about the July 2023 data incident affecting limited portions of BSD's network (the "Data Incident"). Files containing private information may have been accessed. BSD denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the risks, disruption, and uncertainties of continued litigation. The Settlement is available online.

### Who is included in the Settlement?

The Court has defined the class as: "All persons who were affected by the Data Incident, including those who were sent a notice letter by Defendant concerning the Data Incident discovered on or around July 2, 2023."

The Court has appointed experienced attorneys, called "Class Counsel," to represent the Class.

### What are the Settlement benefits?

You can claim three years of **Credit Monitoring** and one or more of the **cash payment** options.

If you have documented losses you can get back up to **$5,000**. You can also get a separate one-time **$100** payment.

Full details and instructions are available online.

### How do I receive a benefit?

If you are claiming out-of-pocket expenses, file all of your claims online. Otherwise, you may fill out the Claim Form below. Tear at perforation, and return by U.S. Mail. Postage is already paid. For a full paper Claim Form call **1-XXX-XXX-XXXX**. **Claims must be submitted online or postmarked by [Claims Deadline]**.

### What if I don't want to participate in the Settlement?

If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue BSD for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[Objection Deadline].** The Settlement Agreement, available online, explains how to exclude yourself or object.

### When will the Court approve the Settlement?

The Court will hold a hearing in this case on **[FA Hearing Date]** at the **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees of up to $797,962.75; reimbursement of litigation costs; and $5,000 for each of the Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

---

www.[SettlementWebsite].com

**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL    PERMIT NO 47    COSTA MESA CA

POSTAGE WILL BE PAID BY ADDRESSEE

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**BSD Data Incident Settlement**
 **c/o Settlement Administrator**
**P.O. Box [PO Box Number]**
**Santa Ana, CA  92799-9958**

**BSD Data Incident Settlement**

«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»

*Complete this Claim Form, tear at perforation, and return by U.S. Mail no later than [Claims Deadline].*

*Only one Claim Form per Class Member.*

Login ID: «LoginID»
PIN: «PIN»

**INSTRUCTIONS:** Use this card to submit your claim for three years of **Credit Monitoring** and/or the $100.00 **Pro Rata Cash Payment**.

To claim cash payments for <u>documented</u> expenses, visit the settlement website at **www.[SettlementWebsite].com**. To request a full paper Claim Form, call **1-XXX-XXX-XXXX**.

☐ Check this box to enroll in three years of **Credit Monitoring** from CyEx Financial Shield Complete.

☐ Check this box to claim a one-time $100.00 **Pro Rata Cash Payment**.

How would you like to be paid:

Check **_one_**: ☐ PayPal ☐ Venmo ☐ Zelle ☐ Virtual Prepaid Card ☐ Check (sent to above address)

For digital payment options, please **PRINT** your email address **LEGIBLY** on the line below and doublecheck that it is correct: _____

Notify us if your contact information is different from what is shown above, or changes after submitting this form.

— **EXHIBIT E** —

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ANTHONY WEBSTER AND MARK SMITH, on behalf of himself and all others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> BRADFORD-SCOTT DATA, LLC d/b/a SHARETEC, <br><br>     Defendant. | No. 1:24-cv-00117-HAB-ALT |

## [PROPOSED] FINAL APPROVAL ORDER

Plaintiffs Anthony Webster and Mark Smith ("Plaintiffs" or "Class Representatives"), and Bradford-Scott Data, LLC d/b/a Sharetec ("Defendant"), have entered into a proposed Class Action Settlement Agreement (the "Settlement Agreement" or "SA"). The Court previously granted preliminary approval to the Settlement Agreement, notice was issued to the Settlement Class, and the deadlines to opt out or object to the Agreement have now passed. Plaintiffs have moved the Court to grant final approval to the Agreement under Federal Rule of Civil Procedure 23(e). Defendant does not oppose the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendant in the above-captioned case (the "Settling Parties" or "Parties").

3. The Court finds that the proposed Settlement Class, defines as follows, meets the requirements for certification for purposes of entry of judgment.

all persons who were affected by the Data Incident, including those who were sent a notice letter by Defendant concerning the Data Incident discovered on or around July 2, 2023.

Excluded from the Settlement Class are: (i) Defendant BSD, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who made a timely election to be excluded from this proceeding using the correct protocol for opting out; (iv) the attorneys representing the Settling Parties in the Litigation; and (v) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident, or who pleads *nolo contendere* to any such charge.

4.      Specifically, the Court finds that the requirements of Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3) are met:

a.  The class is so numerous that joinder of all members is impracticable, as there are thousands of Class Members;

b.  There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members, such as whether Defendant breached any duty in failing to protect Class Members' data from unauthorized access.

c.  The claims of the Class Representative are typical of the claims of the Settlement Class as they arise from the Data Incident.

d.  The Class Representative and Class Counsel fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation; and

e.  Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action in superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Incident are substantially the same for all Class Members.

5.      The Court therefore certifies the Settlement Class, appoints Plaintiffs as the Class Representative, and appoints Amina A. Thomas of CohenMalad LLP, Grayson Wells of Stranch Jennings & Garvey PLLC, Brittany Resch of Strauss Borrelli PLLC, and Gary M. Klinger of Milberg PLLC as Class Counsel.

6.      The Court finds that notice of the proposed Settlement Agreement was provided to the Settlement Class and that the notice met the requirements of Rule 23 and Due Process.

7.      The Court finds that the terms of the Agreement represent a fair and reasonable compromise under the circumstances of this case. Specifically, the Court finds that:

    a.  the Plaintiffs and Class Counsel have adequately represented the Settlement Class;

    b.  the Settlement was negotiated at arm's length, during two mediation sessions facilitated by Mediators Bruce A. Freidman and John DeGroote;

    c.  the relief provided for the Settlement Class is fair and reasonable, taking into account:

        (i)  the costs, risks, and delay of trial and appeal;

        (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims;

        (iii)  the terms of the proposed award of attorney's fees, including timing of payment; and

        (iv)  any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and

    d.  the Settlement treats Settlement Class Members equitably relative to each other, as the same relief is available to similarly situated Settlement Class Members.

8.      The Court therefore grants final approval of the Agreement and directs the Parties to the Agreement to perform and satisfy the terms and conditions that are triggered by such final approval. Specifically, the Court approves the plan for payment of the Settlement Fund.

9.      Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Settlement Class Member, including Plaintiffs, and each of their respective heirs, executors, administrators, representatives, agents, predecessors, successors, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims including Unknown Claims, against each of the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, and each of their respective heirs, executors, administrators, representatives, agents, predecessors, successors, and assigns, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

10.      Released Parties means Bradford-Scott Data, LLC d/b/a/ ShareTec, and each of its past, present, and future parent companies, partnerships, subsidiaries, affiliates, divisions, employees, contractors, agents, servants, members, managers, providers, partners, principals, directors, shareholders, successors, assigns, owners, and customers, and all of their attorneys, heirs, executors, administrators, insurers and agents and/or third-party administrators thereof, writing companies, coinsurers, reinsurers, joint ventures, personal representatives, predecessors, successors, transferees, trustees, and assigns, and including, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Litigation.

11.      This order is a final judgment because it disposes of all claims against all Parties to this lawsuit.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: _____, 2026

_____
Chief Judge Holly A. Brady