**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ANTHONY WEBSTER AND MARK SMITH, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BRADFORD-SCOTT DATA, LLC d/b/a SHARETEC, <br><br> Defendant. | No. 1:24-cv-00117-HAB-ALT |

## <u>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL</u>

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval. Specifically, Plaintiffs request that the Court enter an order (1) granting preliminary approval of the Settlement; (2) certifying the Class for the purpose of the Settlement; (3) ordering the Claims Administrator to direct and issue notice to the Class under the terms of the Settlement Agreement; (4) appointing Plaintiffs Anthony Webster and Mark Smith as Class Representatives for the purpose of the Settlement; (5) appointing Amina A. Thomas of CohenMalad LLP, Grayson Wells of Stranch Jennings & Garvey PLLC, Brittany Resch of Strauss Borrelli PLLC, and Gary M. Klinger of Milberg PLLC as Class Counsel; and (6) entering the Schedule, including by setting a date for the final approval hearing.

Having reviewed and given dues consideration to the terms of the Settlement, the motion, and corresponding materials, noting that Defendant does not oppose the motion, and being otherwise informed, the Court grants the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.      Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2.      This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiff and Defendant in the above-captioned case (the "Parties").

3.      Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement is granted.

## I.      CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

4.      The Court conditionally certifies a class of all persons who were affected by the Data Incident, including those who were sent a notice letter by Defendant concerning the Data Incident discovered on or around July 2, 2023. The Settlement Class specifically excludes: (i) Defendant BSD, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; (iv) the attorneys representing the Settling Parties in the Litigation; and (v) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident, or who pleads *nolo contendere* to any such charge. These individuals constitute the "Settlement Class" solely for purposes of certifying a settlement class in this Litigation.

5.      Specifically, the Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) appear to be met:

a. The Settlement Class is estimated to contain 245,527 individuals, and therefore is so numerous that joinder of all members is impracticable, as there are thousands of Settlement Class Members;

b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit, as the claims all related to the Data Incident that involved the data of Settlement Class Members;

c. Plaintiffs' claims are typical of the claims of the Settlement Class as all of the claims arise form the same Data Breach and Defendant's alleged security practices;

d. Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class as Plaintiff has no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation; and

e. Questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Breach are substantially similar for all Settlement Class Members.

6. The Court finds that Plaintiffs Anthony Webster and Mark Smith are adequate Class Representatives and appoints them as such.

7. The Court likewise finds that Amina A. Thomas of CohenMalad LLP, Grayson Wells of Stranch Jennings & Garvey PLLC, Brittany Resch of Strauss Borrelli PLLC, and Gary M. Klinger of Milberg PLLC competent and appoints them as Class Counsel.

## II.    PRELIMINARY APPROVAL

8. The terms of the Settlement, including its proposed release, are preliminarily approved as within the range of fair, reasonable, and adequate terms of settlement, and are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the settlement administration, and are subject to further and final consideration at the Final Approval Hearing provided for below.

9. The Court finds that the terms of the Settlement are within the range of a fair, reasonable, and adequate settlement between the Settlement Class and Defendant under the

circumstances of this case and that the Court will likely be able to grant final approval of the Settlement. Specifically, the Court finds for purposes of preliminary approval that:

    a. Plaintiffs and Class Counsel have adequately represented the Settlement Class;

    b. the Settlement was negotiated at arm's length, through mediation facilitated Mediator Bruce A. Friedman;

    c. the relief provided for the Settlement Class appears adequate, taking into account;

        i. the costs, risks, and delay of trial and appeal;

        ii. the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims;

        iii. the terms of the proposed award of attorney's fees, including timing of payment; and

        iv. any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and

    d. the Settlement treats Settlement Class Members equitably relative to each other, as the same relief is available to similarly situated Settlement Class Members.

10. As provided for in the Settlement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been conditionally certified for settlement purposes only, with no admission of liability or merit as to any issue, and no prejudice or impact as to any of the Settling Parties' positions on the issue of class certification or any other issue in the case.

**III.    NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS**

11. The Court appoints Simpluris as the Claims Administrator. The responsibilities of the Claims Administrator are set forth in the Settlement Agreement.

12.     The Court has considered the notice provisions of the Settlement, the Notice Program set forth in section VI of the Settlement Agreement, and the Short Notice (attached as Ex. D to the SA) and Long Notice (attached as Exhibit B to the SA). The Court finds that providing direct notification in manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Preliminary Approval Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Short Notice and Long Notice in the forms attached as **Exhibits B and D** to Settlement Agreement, respectively.

13.     The Settling Parties are ordered to give notice to all Settlement Class Members. The Court orders the Claims Administrator to commence the Notice Program following entry of this Preliminary Approval Order in accordance with the terms of the Settlement.

## IV.     OPTING OUT FROM THE SETTLEMENT CLASS

14.     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, this written notice (a Request for Exclusion) must be postmarked no later than the Opt-Out Date.

15.     The request must be mailed to the Claims Administrator at the address provided in the Notice no later than 60 days from the Notice Deadline ("Opt-Out Date").

16.     A request to opt out that does not include all the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not mailed by the deadline will be invalid, and the person submitting the request will remain a Settlement Class Member.

17.    A Settlement Class Member who submits a valid Claim Form is not eligible for exclusion, and any subsequent request to opt-out will be invalid.

18.    All Settlement Class Members who submit valid, timely notices of their intent to opt out of the Settlement Class shall not receive any benefits of and/or be bound by the terms of the Settlement.

19.    All persons falling within the definition of the Settlement Class who do not request to opt-out of the Settlement Class in the manner described in the Settlement Agreement shall be bound by the terms of the Settlement Agreement.

20.    Settlement Class Counsel will file a list of Settlement Class Members requesting exclusion with the Court.

## V.    OBJECTIONS

21.    Each Settlement Class Member who does not timely request to be excluded from the Settlement Class may appear in person or through counsel, at their own expense, at the Final Approval Hearing to present any relevant evidence or argument.

22.    No Settlement Class Member will be heard and no papers submitted by any Settlement Class Member will be considered unless they submit a timely written notice of their objection by the Objection Date. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any and all counsel representing the

objector in connection with the objection; (vi) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vii) a list of all settlements to which the objector and/or their counsel have objected in the preceding three (3) years; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection to the designated Post Office box established by the Claims Administrator by the Objection Date.

23.    Any Class Member who does not make their objection known in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement.

## VI.    THE FINAL APPROVAL HEARING

24.    A Final Approval Hearing shall be held before the undersigned at 10am, on October 15, 2026, at the United Stated District Court, Northern District of Indiana, Fort Wayne Division located at 1300 S. Harrison Street. Fort Wayne, IN 46802 or via video or teleconference, for the purpose of (a) whether certification of the Settlement Class for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (c) the application by Settlement Class Counsel for an Attorneys' Fees and Costs Award; (d) the application for Representative Plaintiff's Service Award should be approved; (e) whether the Release of Released Claims as set forth in the Settlement should be provided; (f) whether the Court should enter the [Proposed] Final Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment"); and (g) ruling upon such other matters as the Court may deem just and appropriate. The Final Approval Hearing

may, from time to time and without further notice to Settlement Class Members, be continued or adjourned by order of the Court.

25.    Class Counsel will file a motion for approval of attorneys' fees, expenses, and services awards along with any supporting materials no later than 14 days prior to the Objection and Opt-Out deadlines.

26.    Class Counsel shall file their Motion for Final Approval no later than 14 days prior to the Final Approval Hearing.

27.    The related time periods for events preceding the Final Approval Hearing are:

| Event | Timing |
|---|---|
| Class List sent to Claims Administrator | 7 Days after Preliminary Approval Order |
| Notice Deadline | 30 Days after Preliminary Approval Order |
| Objection Deadline | 60 Days from the Notice Deadline |
| Opt-Out Deadline | 60 Days from the Notice Deadline |
| Motion for Fees and Service Awards | 14 Days before the Objection and Opt-Out Deadline |
| Motion for Final Approval | 14 Days Prior to Final Approval Hearing |
| Claims Deadline/Claims Period | 90 Days from the Notice Deadline |
| Final Approval Hearing | Approximately 120 Days after Preliminary Approval Order |

28.    All proceedings in the Action other than those related to approval of the Settlement Agreement are stayed pending entry of the Final Order and Judgment.

29.    Any actions brought by Settlement Class Members concerning the Released Claims are stayed and/or enjoined, pending the Court's entry of the Final Order and Judgment.

30.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Agreement

**IT IS SO ORDERED.**

Dated: June 9, 2026

8

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT