**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ANTHONY WEBSTER AND MARK SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD-SCOTT DATA, LLC d/b/a SHARETEC,<br><br>Defendant. | Case No. 1:24-cv-00117-HAB-ALT |

**FINAL APPROVAL ORDER**

Plaintiffs Anthony Webster and Mark Smith ("Plaintiffs" or "Class Representatives"), and Bradford-Scott Data, LLC d/b/a Sharetec ("Defendant"), have entered into a proposed Class Action Settlement Agreement (the "Settlement Agreement" or "SA"). The Court previously granted preliminary approval to the Settlement Agreement, notice was issued to the Settlement Class, and the deadlines to opt out or object to the Agreement have now passed. Plaintiffs have moved the Court to grant final approval to the Agreement under Federal Rule of Civil Procedure 23(e). Defendant does not oppose the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendant in the above-captioned case (the "Settling Parties" or "Parties").

3. The Court finds that the proposed Settlement Class, defines as follows, meets the requirements for certification for purposes of entry of judgment.

> all persons who were affected by the Data Incident, including those who were sent a notice letter by Defendant concerning the Data Incident discovered on or around July 2, 2023.

Excluded from the Settlement Class are: (i) Defendant BSD, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and members of their immediate families and their judicial staff; (iii) all individuals who made a timely election to be excluded from this proceeding using the correct protocol for opting out; (iv) the attorneys representing the Settling Parties in the Litigation; and (v) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident, or who pleads *nolo contendere* to any such charge.

4. Specifically, the Court finds that the requirements of Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3) are met:

a. The class is so numerous that joinder of all members is impracticable, as there are thousands of Class Members;

b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members, such as whether Defendant breached any duty in failing to protect Class Members' data from unauthorized access.

c. The claims of the Class Representative are typical of the claims of the Settlement Class as they arise from the Data Incident.

d. The Class Representative and Class Counsel fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation; and

e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action in superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Incident are substantially the same for all Class Members.

5. The Court therefore certifies the Settlement Class, appoints Plaintiffs as the Class Representative, and appoints Amina A. Thomas of CohenMalad LLP, Grayson Wells of Stranch Jennings & Garvey PLLC, Brittany Resch of Strauss Borrelli PLLC, and Gary M. Klinger of Milberg PLLC as Class Counsel.

6. The Court finds that notice of the proposed Settlement Agreement was provided to the Settlement Class and that the notice met the requirements of Rule 23 and Due Process.

7. The Court finds that the terms of the Agreement represent a fair and reasonable compromise under the circumstances of this case. Specifically, the Court finds that:

a. the Plaintiffs and Class Counsel have adequately represented the Settlement Class;

b. the Settlement was negotiated at arm's length, during two mediation sessions facilitated by Mediators Bruce A. Freidman and John DeGroote;

c. the relief provided for the Settlement Class is fair and reasonable, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims;

(iii) the terms of the proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and

d. the Settlement treats Settlement Class Members equitably relative to each other, as the same relief is available to similarly situated Settlement Class Members.

8. The Court therefore GRANTS final approval of the Agreement and directs the Parties to the Agreement to perform and satisfy the terms and conditions that are triggered by such final approval. Specifically, the Court approves the plan for payment of the Settlement Fund.

9. Class Counsel is awarded $707,897.34 for attorneys' fees and $17,876.83 in reimbursement of reasonable litigation costs and expenses. These payments shall be paid in accordance with the Settlement Agreement. The Court evaluated Class Counsel's request, and concludes that amount is fair and within the range of reason.

10. The Class Representative shall be awarded a Service Award in the amount of $5,000.00 each. The Service Award shall be paid in accordance with the Settlement Agreement.

11. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Settlement Class Member, including Plaintiffs, and each of their respective heirs, executors, administrators, representatives, agents, predecessors, successors, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims including Unknown Claims, against each of the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, and each of their respective heirs, executors, administrators, representatives, agents, predecessors, successors, and assigns, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

12. Released Parties means Bradford-Scott Data, LLC d/b/a/ ShareTec, and each of its past, present, and future parent companies, partnerships, subsidiaries, affiliates, divisions, employees, contractors, agents, servants, members, managers, providers, partners, principals, directors, shareholders, successors, assigns, owners, and customers, and all of their attorneys, heirs, executors, administrators, insurers and agents and/or third-party administrators thereof, writing

companies, coinsurers, reinsurers, joint ventures, personal representatives, predecessors, successors, transferees, trustees, and assigns, and including, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Litigation.

13. This order is a final judgment because it disposes of all claims against all Parties to this lawsuit.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

**IT IS SO ORDERED.**

Dated: 10/15/2026

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT